UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS INDEMNITY OF CONNECTICUT, a Connecticut corporation, and TRAVELERS PROPERTY CASUALTY COMPANY of AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARCH SPECIALTY INSURANCE COMPANY, a Nebraska corporation,<br><br>Defendant. | Case No. 2:11-CV-1601-JAM-CKD<br><br>ORDER DENYING TRAVELERS'S REQUEST FOR RECONSIDERATION |

This matter is before the Court on Plaintiff/Counter-Defendant Travelers Indemnity of Connecticut's ("Travelers") Motion for Reconsideration (Doc. ## 38-39) of a protective order ("Order") issued by Magistrate Judge Delaney (Doc. # 35). Defendant/Counter-Claimant Arch Specialty Insurance Company ("Arch") opposes the motion (Doc. # 40).

I. BACKGROUND

This lawsuit arose when Travelers unsuccessfully defended a suit against Freeway Transport, Inc. pursuant to a $2 million insurance policy issued by Travelers. Arch was Freeway Transport's excess insurer, covering claims against Freeway Transport up to $24 million. Travelers rejected a $2 million settlement demand from the plaintiff in the underlying action, deciding instead to defend at trial. The trial resulted in a verdict for the plaintiff on liability, and Arch subsequently settled the case for $22.5 million. Travelers then sued Arch seeking a declaratory judgment absolving them of liability to Arch for refusing to accept the $2 million settlement offer. Arch then counter-claimed against Travelers seeking subrogation of the amount paid in excess of the original $2 million settlement demand.

Presently before the Court is the limited question as to whether or not Travelers is entitled to discover Arch's internal evaluation of the original claim against Freeway Transport. Travelers seeks to discover this information claiming that it is relevant to the reasonableness of Travelers' decision to reject the $2 million settlement demand, i.e., if Arch agreed with Travelers' assessment, then rejecting the settlement offer was reasonable. Arch contends that under California law, its internal analyses are not germane to the issues presented in the present case and are therefore not discoverable. Magistrate Judge Delaney issued an order adopting Arch's position, and Travelers now seeks reconsideration of the order.

///

///

II. OPINION

A. Legal Standard for Motion for Reconsideration

28 U.S.C. § 636(b) and E.D. Cal. Local Rule 303 govern the standard for a Motion for Reconsideration. The district court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 363(b)(1)(A); E.D. Cal. Local Rule 303(f). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997) (internal quotations omitted). Under the contrary to law standard, "a District Court may overturn a Magistrate Judge's conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes or case precedent." Enns Pontiac v. Flores, No. 1:07-cv-01043-LJO-BAM, 2012 U.S. Dist. LEXIS 24263, at *13 (E.D. Cal. Feb. 27, 2012) (internal quotations omitted).

B. Discussion

Travelers' motion rests on the contention that Magistrate Judge Delaney failed to consider the "reasonableness" element of Arch's breach of the covenant of good faith and fair dealing claim. Travelers argues that Magistrate Judge Delaney incorrectly determined that Arch's internal analyses related to the suit against Freeway Transport were not relevant to the reasonableness of the settlement offer and thus not discoverable. Arch responds by arguing that its internal subjective determinations are irrelevant to the objective standard used to evaluate the reasonableness of Travelers' decision to reject the $2 million

settlement offer, making Magistrate Judge Delaney's protective order appropriate.

Under California subrogation law, an insurer considering a settlement offer within its coverage limits must consider the offer as though it would be liable for the full amount of any possible judgment. Johansen v. Cal. State Auto. Ass'n Inter-Ins. Bureau, 15 Cal. 3d 9, 16 (1975). Since the insured is responsible for any judgment amount exceeding the policy limit, this rule prevents an insurer from rejecting a reasonable settlement offer near or at the limit of its policy and gambling on success at trial to the insured's detriment. See Commercial Union Assurance Cos. v. Safeway Stores, 610 P.2d 1038, 1040-41 (Cal. 1980). "Thus, the only permissible consideration in evaluating the reasonableness of the settlement offer becomes whether, in light of the victim's injuries and the probable liability of the insured, the ultimate judgment is likely to exceed the amount of the settlement offer." Johansen, 15 Cal. 3d at 16. Under equitable subrogation, an excess insurer may stand in the shoes of the insured to assert a claim stemming from an unreasonable rejection of a settlement offer within policy limits against the primary insurer. Safeway, 610 P.2d at 1041.

Magistrate Judge Delaney relied on Lexington Ins. Co. v. Sentry Select Ins. Co., No. CV F 08-1539 LJO GSA, 2009 WL 4132140 (E.D. Cal. Nov. 23, 2009), to find that Arch's internal evaluations of the underlying claim are not germane to determining the objective reasonableness of the $2 million settlement offer. Order 8-11. In Lexington, the court approved a protective order under nearly identical circumstances, finding that information related to

internal handling of a claim by an excess insurer was not discoverable in an action brought by the excess insurer against the primary insurer for failing to accept a reasonable settlement offer. Lexington, 2009 WL 4132140, at *5. Travelers' argument that Magistrate Judge Delaney's reliance on Lexington ignored an essential element of Arch's claim, the reasonableness of the $2 million settlement offer, fails because the discovery sought has no bearing on that element. Under California law, Travelers' duty to reasonably settle flowed to the insured, and the reasonableness of the offer is determined by an objective standard, not the opinion of an excess insurer. Id. ("[The primary insurer] was the key decision maker to proceed to trial. [The excess insurer's] pre-verdict conduct is irrelevant given [the primary insurer's] control of the . . . action as primary carrier."). Further, Travelers has not produced any authority that permits discovery of an excess insurer's internal evaluations when the primary carrier controlled the defense of the insured. The two cases cited by Travelers, Safeway, 610 P.2d 1038, and Kransco v. Am. Empire Surplus Lines Ins. Co., 23 Cal. 4th 390 (2000), only stand for the proposition that Travelers' decision to reject the $2 million settlement must be objectively unreasonable for Arch to prevail. Those cases do not support Travelers' contention that Arch's internal analyses of the settlement offer are discoverable.

The only authority before the Court supports the conclusion that materials related to Arch's opinion of the reasonableness of the $2 million settlement are not discoverable. Accordingly, it cannot be said that Magistrate Judge Delaney's order is "clearly erroneous" or "contrary to law," and Travelers' motion is DENIED.

III. ORDER

For the foregoing reasons, Travelers' Motion for Reconsideration is denied.

IT IS SO ORDERED.

Dated: August 7, 2012

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE