UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS INDEMNITY OF CONNECTICUT, et al, <br><br> Plaintiffs, <br><br> v. <br><br> ARCH SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | No. 2:11-CV-1601-JLQ <br><br> ORDER OVERRULING EVIDENTIARY OBJECTIONS |

BEFORE THE COURT are evidentiary objections from both parties pertaining to the pending cross-motions for summary judgment. (ECF No. 91 & 96). The motions are set for oral argument on November 14, 2013. In order that the parties not waste time further arguing the evidentiary objections, the court issues this Order in advance of the hearing.

**I. Discussion**

Fed.R.Civ.P. 56(c)(2) provides that: "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." The court has considered the parties' evidentiary objections and generally finds that they should be overruled. Rather than addressing each specific line of testimony which is objected to, the court offers the following general observations.

A. **Arch's Objections**

Arch's Objections (ECF No. 91) are 34-pages long, containing several excerpts of specific testimony. Generally, the objections fall into the following categories:

1. **Swanson and Campora Testimony:**

First, Arch objects to the declaration and deposition testimony of Mark

ORDER – 1

Swanson and Steven Campora. Mark Swanson was the first attorney for the minor plaintiff, Diana, in the underlying action, and Campora was Diana's counsel later in the Mejia litigation and is associated with the law firm of Dreyer Babich.

Arch objects that such testimony is speculative. Specifically, Arch objects to Swanson testifying that had Travelers accepted the $2 million 998 Offer, and had he subsequently learned of the Arch excess policy, he would have moved to set aside the settlement. Arch also objects to the following testimony of Campora as speculative: a) that a $2 million offer would have been a non-starter; b) that he was unwilling to settle in August 2008; c) that he would not have accepted a lower settlement offer than the verdict rendered; d) when the "best" settlement opportunity was; and e) whether a court would set aside the minor's compromise. (ECF No. 91 p. 2-3).

Arch also contends that testimony as to whether Swanson or Campora would have accepted a certain settlement offer is irrelevant, because the decision is ultimately the client's. Arch objects that Campora's testimony about the $15 million Mandatory Settlement Conference statement not actually being a "demand" is a legal conclusion. (ECF No. 91, p. 4).

The court finds that these objections are not well-taken. The objection that such testimony is speculative is overruled. This case necessarily concerns what would have happened, had the underlying litigation and settlement discussions unfolded differently. This type of testimony is allowed in such cases. See for example *Gibbs v. State Farm*, 544 F.2d 423, 428 (9th Cir. 1976)(court allows plaintiff's testimony that he "would have settled for the amount of the medical bills"); *Boicourt v. Amex Assurance*, 78 Cal.App.4th 1390, 1393 (2000)(plaintiff's counsel filed declaration stating he would have settled for $100,000 policy limit).

2. **Arch Objects to Evidence Concerning Its Conduct**

Arch contends that its conduct and evaluation of the underlying case is not relevant to determining whether Travelers acted in bad faith prior to the time that

ORDER – 2

Travelers tendered its primary limits. (ECF No. 91, p. 16).  Arch argues that it had no duty or right to participate in the defense until the primary limits were exhausted, and thus its conduct is irrelevant.  Arch cites case law supporting its argument that it had no duty to engage in the defense or attempt to settle while Travelers was controlling the defense.  However, this court has previously ruled that such evidence may be relevant. See Order of January 28, 2013 (ECF No. 70, p. 7-8). Arch's objection is overruled.

### 3. **Arch's Hearsay Objections**

Arch objects to testimony of attorney Haluck regarding what he was told by Mark Swanson or Dreyer Babich concerning Diana's interest/readiness to settle. (ECF No. 91, p. 30).  Arch also objects to Tiger, a Travelers' employee, testifying as to what counsel told her.  It appears to the court that this testimony is not offered for the truth of the matter asserted, that being whether Diana truly was, or was not, ready to settle, but rather is offered for the effect it had on Haluck and Tiger.  The objection is overruled.

### B. **Travelers' Evidentiary Objections** (ECF No. 96)

Travelers' objections were filed with the Reply Brief, are much shorter than Arch's (5 pages), and of a more general nature.

### 1. **Ms. Deveau's Declaration**

Travelers takes issue with the Declaration of Arch employee Nora Deveau. Travelers contends that Ms. Deveau was asked at deposition if she had any recollection of what was discussed at a conference call with counsel for Travelers and a Travelers claims adjuster in August 2008, and her response was, "no, not at all."  The instant declaration now claims to have memory of what was **not** said - - that Arch was not asked to contribute to a settlement.  Travelers essentially contends that the Declaration is a sham affidavit, contradicting prior testimony and attempting to manufacture a dispute of fact, and should be disregarded.  The objection is overruled.

ORDER – 3

Travelers also objects to Deveau's testimony that she could have settled the Mejia action for less than $14 million and perhaps less than $9 million as being speculative. The objection is overruled, for the reasons stated *supra* concerning this type of testimony in alleged failure to settle cases.

### 2. Clinton Miller's Tesimony

Travelers objects to the deposition testimony of Arch expert witness Clinton Miller that Travelers' claims investigation should have discovered the Arch excess policy. Travelers contends this is a legal conclusion and lacks adequate foundation. The court overrules this objection and further does not find the testimony concerns a material fact in the context of the pending motions.

### 3. Exhibit 8 E-Mails

Travelers objects to Exhibit 8, e-mails between Williams, Palmer, and Griffiths. Travelers states the e-mails are not authenticated and contain hearsay. These e-mails involve at least one Travelers' employee, Williams, and apparently insurance brokerage employees in 2005. They do not appear to concern a material fact in the context of the pending motions. The objection is overruled.

### 4. Arch Expert Retired State Court Judge Leonard Wolf

Travelers objects to the testimony of Arch's expert, retired state court judge Leonard Wolf. Travelers contends that Wolf's testimony that the trial judge would have viewed the valuation in an MSC statement as an offer is speculative and a legal conclusion. Similarly, Travelers objects to Wolf's testimony that the uncertainty of Diana's medical condition would not have prevented court approval of a minor settlement. This objection is overruled.

### 5. Expert Reports

Travelers objects to the Clinton Miller and Leonard Wolf expert reports as hearsay. An expert may rely on hearsay in preparing a report. Traveler's contention may be that the report itself cannot be introduced in evidence, but a hearsay objection does not prevent Miller and Wolf from testifying at trial as to the opinions

ORDER – 4

in their reports.  Therefore, Travelers has not lodged an objection that such evidence "cannot be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 56(c)(2).  The objection is overruled.

## II.  Conclusion

The evidentiary objections are overruled.  The objections are either not well-taken, or they pertain to evidence which is not cited in support of a material fact.

**IT IS HEREBY ORDERED:**

1. Arch's Evidentiary Objections (ECF No. 91) are **OVERRULED**.

2. Travelers' Evidentiary Objections (ECF No. 96) are **OVERRULED**.

3. The parties are now advised as to the court's view of, and ruling on, the objections.  The court believes time would be best served arguing the merits of the pending summary judgment motions, rather than evidentiary issues.  However, if a party believes a certain evidentiary issue is critical to the summary judgment determination, the party may seek reconsideration at oral argument of an evidentiary ruling herein.

4. The pending Motions for Summary Judgment (ECF No. 87 & 89) remain set for oral argument in **Riverside, California, Courtroom # 3, on November 14, 2013 at 9:30 a.m.**

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 4th day of November, 2013.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE
